# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY F. HERRIN, | ) |
| | ) No. CV-10-54-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on February 11, 2011 (Ct. Rec. 13, 15). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Commissioner). Plaintiff replied on January 31, 2011 (Ct. Rec. 17). The parties have consented to proceed before a magistrate judge (Ct. Rec. 8). After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **denies** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

**JURISDICTION**

Plaintiff concurrently filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on December 12, 2006, alleging disability as of December 2, 2005 (Tr. 67, 105-107, 108-111). The applications were denied initially and on reconsideration (Tr. 80-83, 85-88).

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT - 1 -

At a hearing before Administrative Law Judge (ALJ) Robert Chester on July 16, 2008, plaintiff, represented by counsel, and a vocational expert testified (Tr. 24-57). On August 20, 2008, the ALJ issued a partially favorable decision finding plaintiff disabled for the closed period of December 2, 2005, through September 25, 2007, but not thereafter (Tr. 74-75,78-79). The Appeals Council denied Mr. Herrin's request for review on January 15, 2010 (Tr. 1-4). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on March 5, 2010 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 46 years old at onset and 49 at the hearing (Tr. 28, 73). He has a high school education and earned a certificate in construction management after completing a two year course at California Polytechnic University (Tr. 31, 127). Mr. Herrin has worked as a construction project manager, outside delivery driver, parts salesperson, and recreation supervisor (Tr. 32-37, 49-50, 123). He is unmarried and lives with his mother (Tr. 30).

Plaintiff cannot work because his right foot is "always swelling up and hurting." He quit physical therapy because the physical therapist was not showing up for the appointments (Tr. 39). Mr. Herrin testified he does not really have a good reason

for failing to follow up with treatment provider Eugene G. Pontecorvo, M.D., after February 2007 (Tr. 41-42).

Plaintiff testified he did not take any prescribed medication; wears a hiking boot style orthopedic shoe in the winter and takes ibuprofen occasionally, both of which help alleviate foot pain (Tr. 25, 29-30,41-42), and walks with a limp (Tr. 45). Activities include laundry, cooking, driving, shopping, yard work, visiting neighbors, and fishing two or three times a week (Tr. 30-31,43,46,131-133). Mr. Herrin can sit for 30 minutes, walk for fifteen minutes, and stand for fifteen to twenty minutes (Tr. 44-45). He frequently elevates his foot throughout the day, from 30 to 90 minutes at a time, to relieve swelling (Tr. 45).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4 -

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                  - 4 -

and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

 It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

 At the outset, the ALJ found plaintiff met DIB insurance requirements through December 31, 2007 (Tr. 67,71). At step one, the ALJ found plaintiff did not engage in substantial gainful

activity after onset (Tr. 71). At steps two and three, he found Mr. Herrin suffers from a fractured heel[1], an impairment that is severe but does not alone meet or medically equal a Listed impairment (Tr. 71). At steps four and five, he found plaintiff was unable to perform past work, or any work, from December 2, 2005 through September 25, 2007. He found plaintiff disabled for this closed period.

The ALJ found plaintiff less than completely credible (Tr. 76). He also found plaintiff's medical condition improved. At step four, relying on the VE, the ALJ found as of September 26, 2007, plaintiff's RFC for a range of light work enabled him to perform past relevant work. These jobs included construction project manager, outside delivery driver, and parts salesperson (Tr. 52,78). Accordingly, the ALJ found that as of September 26, 2007, plaintiff was not disabled as defined by the Social Security Act (Tr. 79).

**ISSUES**

Plaintiff alleges the Commissioner erred when he found Mr. Herrin's medical condition had improved by September 26, 2007. Mr. Herrin alleges his medical condition worsened. Second, plaintiff alleges the ALJ's credibility assessment is flawed. Last, he asserts the court should reverse the ALJ's decision based on new evidence submitted to the Appeals Council, but not to the ALJ (Ct.

---

[1] Plaintiff fell from a ladder in December 2005 and fractured his right heel. Tests showed he suffered a "complex comminuted compression type calcaneal fracture" (Tr. 72, 173-174, 176). On December 21, 2005, Brian Padrta, M.D., performed an open reduction, internal fixation surgery to repair the fracture (Tr. 180).

14 at 8, 10-11). According to the Commissioner, the ALJ appropriately weighed the evidence and assessed credibility, and the medical reports admitted by the Appeals Council do not necessitate remand. The Commissioner asks the Court to affirm (Ct. Rec. 16 at 5-11).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8 -

nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to properly credit the September 25, 2007, opinion of examining doctor Edmund W. Gray, M.D. (Ct. Rec. 14 at 10-11).

As noted, plaintiff underwent foot surgery on December 21, 2005 (Tr. 180). On January 4, 2006, treating surgeon Dr. Padrta referred Mr. Herrin for physical therapy (Tr. 191). By February 8, 2006, plaintiff was able to wear a regular shoe (Tr. 192). Less than three months after surgery, on March 8, 2006, Dr. Padrta opined plaintiff was severely limited and unable to perform six basic work-related activities (Tr. 187), but should be reevaluated for returning to work on March 20, 2006 (Tr. 188). On March 20, 2006, he opined it "is not uncommon for this to take up to a year

or so to get back to as much function as can be expected." Dr. Padrta did not foresee plaintiff returning to heavy labor jobs with this injury, and "[h]e [plaintiff] will try to make arrangements regarding that" (Tr. 193).

On December 19, 2006, treating physician Pontecorvo observed some atrophy. He prescribed shoe modification (Tr. 196). In January 2007, he diagnosed subtalar arthritis and advised plaintiff the condition is usually treated with subtalar fusion when it becomes "sufficiently symptomatic" (Tr. 195). On February 21, 2007, Dr. Pontecorvo observes it has been more than a year since surgery (Tr. 194). He suspects the hardware may be causing pain that could be alleviated with removal. As a first measure, however, the doctor again prescribed shoe modification. He notes if this does not work, plaintiff should then consider having the hardware removed or undergoing subtalar joint fusion (Tr. 194).

On September 25, 2007, Dr. Gray re-evaluated plaintiff. He notes plaintiff's only present skill is "in the heavy labor market" (Tr. 215). When Dr. Gray last saw plaintiff in 2006, he recommended Mr. Herrin work toward vocational rehabilitation. In 2007, Dr. Gray points out this has not been done.

Dr. Gray notes plaintiff is not using cushioning as recommended by Dr. Pontecorvo, and he has failed to follow up with him [Dr. Pontecorvo]. On exam, the doctor states plaintiff's range of motion of the ankle and back are within normal limits; so is the heel and toe walking test. He observes there is no muscle atrophy (Tr. 215). After opining plaintiff should cooperate with Dr. Pontecorvo's recommendations, Dr. Gray states

> Since injuries of this nature have a tendency to slowly worsen with the aging process, it may be close

>to the last chance that this gentleman has of getting back to work vs. a permanent impairment that would make it difficult for him to get back to work even though technically he might be able to do that."

(Tr. 216).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 76-77). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Id.; Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: inconsistent statements, failure to follow recommended courses of treatment, and activities inconsistent with the degree of impairment alleged (Tr. 75-77).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 11 -

*Inconsistent statements*. Plaintiff complained he lost muscle tone. The ALJ accurately observes Dr. Gray's 2007 report states there are *no signs* of atrophy (Tr. 76, citing Ex. 7F/5). Plaintiff testified he stopped going to physical therapy because the therapist failed to show up for two appointments. Physical therapy records show it was Mr. Herrin who missed appointments. In addition, he failed to contact the therapist from March to April 2006. When he did attend physical therapy, plaintiff admitted he was not complying with the home exercise program (Tr. 76, 227-228).

*Unexplained failure to follow medical advice*. In February 2007, Dr. Pontecorvo prescribed orthopedic shoes and explained if this did not alleviate plaintiff's pain, the hardware in his foot could be surgically removed (Tr. 76, Ex. 5F/1). Seven months later, in September 2007, Dr. Gray notes plaintiff used no cushion when walking, had not reported back to Dr. Pontecorvo, and "the testing to have special shoes [made] had not been done" (Tr. 76, Ex. 7F/5). The ALJ points out plaintiff testified he had no good reason for failing to follow up with Dr. Pontecorvo.

*Daily activities*. Plaintiff's activities include mowing the lawn, grocery shopping, laundry, cooking, fishing several times a week, walking, and driving (Tr. 77, Ex. 3E).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or

unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ rejected some of Dr. Gray's September 2007 opinions because objective evidence in the same report shows considerable improvement in plaintiff's condition since November of 2006, the time of Dr. Gray's initial evaluation. Second, citing plaintiff's age and lack of vocational rehabilitation, Dr. Gray did not lower Mr. Herrin's severity rating to moderately impaired (Tr. 78, referring to Ex. 7F/1-6). The ALJ observes Dr. Gray prepared his report for the Department of Social and Health Services, an agency governed by different rules and guidelines than the SSA. *Id.*

The ALJ's reasons for rejecting some of the examining doctor's contradicted opinions are specific, legitimate and supported by substantial evidence. *See Lester*, 81 F.3d at 821. The ALJ is correct that plaintiff's lack of vocational rehabilitation is immaterial to the RFC assessment (Tr. 78). He is also correct Dr. Gray's objective examination results do not support his assessment that plaintiff suffers "significant interference with the ability to perform work activities" (Tr. 78, 211-216). An ALJ is not required to credit an opinion that is conclusory, brief, and unsupported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 99th Cir. 1992).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 13 -

1 *Richardson*, 402 U.S. at 400. The court has a limited role in
2 determining whether the ALJ's decision is supported by substantial
3 evidence and may not substitute its own judgment for that of the
4 ALJ, even if it might justifiably have reached a different result
5 upon de novo review. 42 U.S.C. § 405 (g).

6     The ALJ's assessment of the evidence, including credibility,
7 is both legally and factually supported.

**B. Appeals Council evidence**

9     The ALJ filed his decision on August 20, 2008 (Tr. 79).
10 Plaintiff alleges the decision should be reversed based on
11 evidence received by the Appeals Council after the ALJ's decision
12 (Ct. Rec. 14 at 11-12). The evidence includes medical reports
13 dated September 9 and 25, 2008; October 29, 2008; November 11, 17
14 and 25, 2008, and December 2, 2008 (Tr. 8-18, 20-21).

15     Plaintiff's brief states:

16     "The regulations regarding review by the Appeals Council
17 provide: If new and material evidence is submitted, the Appeals
18 Council shall consider the additional evidence *only where it*
19 *relates to the period on or before the date of the [ALJ] hearing*
20 *decision*. The Appeals Council shall evaluate the entire record,
21 including the new and material evidence submitted *if it relates to*
22 *the period on or before the date of the [ALJ's] hearing decision*.
23 20 CFR §§ 404.970(b), 416.1470(b)."
24 (Ct. Rec. 14 at 11)(italics supplied).

25     The evidence submitted after the hearing does not relate to
26 the period on or before the ALJ's decision.

27     This court has jurisdiction to remand matters on appeal for
28 consideration of newly discovered evidence. *Goerg v. Schweiker*,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 14 -

643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405(g). Section 405(g) expressly provides for remand where new evidence is "material" and there is "good cause" for the failure to incorporate the evidence in a prior proceeding. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984). To be material, the new evidence must bear directly and substantially on the matter in issue. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Also, there must be a reasonable possibility that the new evidence would have changed the outcome if it had been before the Secretary. *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380-1381 (9th Cir. 1984).

    First, the new evidence is not material. The records submitted are immaterial because they do not address plaintiff's medical status during the relevant period at issue in this action. Second, plaintiff offers no reason why information from these providers was not solicited earlier. This is not "good cause." *See, e.g., Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984)(seeking out a new success with the agency does not establish "good cause"). Since plaintiff fails to meet the materiality and good cause requirements, the court is not able to consider the newly submitted evidence. If plaintiff's conditioned has worsened, he may file a new application.

    The ALJ's assessment of the medical evidence and plaintiff's credibility are supported by the record and free of legal error. The new evidence submitted to the Appeals Council after the hearing is immaterial.

## CONCLUSION

    Having reviewed the record and the ALJ's conclusions, this

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 15 -

court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 11th day of February, 2011.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
